**Michael Lynn HUGHES, Petitioner—Appellant,**

v.

**Charles HARRISON,\* Warden, Respondent—Appellee.**

No. 04–15637.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2005.\*\*

Decided March 9, 2005.

---

\* Petitioner is now being held at California State Prison, Los Angeles County. Accordingly, Warden Charles Harrison is substituted as the proper Respondent–Appellee. See Fed. R.App. P. 43(b).

\*\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Karen W. Riley, Attorney at Law, Albany, CA, for Petitioner–Appellant.

Christopher William Grove, AGCA—Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: WALLACE, RAWLINSON, and BYBEE, Circuit Judges.

## MEMORANDUM ***

■ 1. Petitioner Michael Lynn Hughes (Hughes) is not entitled to habeas relief for his claim that the California court erred in finding his prior Illinois convictions to be equivalent to serious felonies for purposes of California's Three Strikes Law. "Federal habeas corpus relief is generally unavailable for alleged error in the interpretation or application of state law." *Hubbart v. Knapp,* 379 F.3d 773, 779 (9th Cir.2004) (citations and internal quotation marks omitted), *cert. denied,* —— U.S. ——, 125 S.Ct. 913, 160 L.Ed.2d 807 (2005). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode,* 41 F.3d 461, 469 (9th Cir.1994) (citations omitted). There was no showing of fundamental unfairness in the California court's interpretation or application of the Three Strikes Law in this case.

■ 2. Hughes is likewise not entitled to habeas relief on his claim that the California court failed to apply a beyond a reasonable doubt standard in determining the fact of his prior convictions. The governing authority is *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).[1] There, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348. Because *Apprendi* specifically excepted prior convictions from its holding, there is no clearly established Supreme Court law supporting Hughes's claim. *See Lewis v. Mayle,* 391 F.3d 989, 995 (9th Cir.2004) (stating that habeas relief is only available if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court") (citation omitted).

■ 3. Finally, habeas relief is not warranted under the Full Faith and Credit Clause. "[A]s a general rule criminal judgments are not entitled to full faith and credit ... The reason is that each sovereign is free to determine what conduct shall be proscribed within its jurisdiction, and the wrong committed by violating such

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Hughes's sentence became final on June 27, 2000 when the time to file a writ of certiorari with the United States Supreme Court expired. *See* Sup.Ct. R. 13.1; *see also Jones v. Smith,* 231 F.3d 1227, 1237 (9th Cir.2000). *Apprendi* was decided one day earlier, on June 26, 2000. Applying *Apprendi* therefore would not create a new rule under *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

proscription is local and does not transcend the sovereignty." *Taylor v. Sawyer,* 284 F.3d 1143, 1153 n. 11 (9th Cir.2002). The California court did not refuse to recognize or give effect to the Illinois convictions; rather, it applied California sentencing law to the fact of those convictions to determine the appropriate sentence for Hughes's most recent infraction *in California.*

AFFIRMED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.